UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.: 2:26-cv-2273

MICHEL BORREGO,

      Plaintiff,

v.

VIP SYSTEMS MIAMI, INC. d/b/a
VIP SYSTEMS,
72 FIRE ALARM CORP.,
and ANDRES FLOREZ,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michel Borrego, by and through undersigned counsel, sues Defendants VIP Systems Miami, Inc. d/b/a VIP Systems, 72 Fire Alarm Corp., and Andres Florez, and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for unpaid wages, unpaid overtime compensation, and retaliation under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b).

3. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in Lee County and Collier County, Florida, within the Fort Myers Division of the Middle District of Florida, where Plaintiff performed work for Defendants.

PARTIES

4. Plaintiff Michel Borrego is an individual who resides in Bonita Springs, Lee County, Florida. At all times material, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

5. Defendant VIP Systems Miami, Inc. d/b/a VIP Systems is a Florida profit corporation with its principal place of business at 3451 Executive Way, Miramar, Florida 33025 (Document Number P12000035116; FEI/EIN 45-5041163). Its Registered Agent is Alexander Genin at the same address. Its President is Alex Genin and its Vice President is Edward Genin. At all times material, VIP Systems Miami, Inc. d/b/a VIP Systems was a contractor that hired 72 Fire Alarm Corp., controlled Plaintiff's duties while at the jobsite, and was an "employer" or joint employer of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d). It was engaged in commerce or in the production of goods for commerce.

6. Defendant 72 Fire Alarm Corp. is a Florida profit corporation with its principal place of business at 561 Mulberry Lane, Davie, Florida 33325. Its President is Ambar Castillo and its Vice President is Andres Florez. At all times material, 72 Fire Alarm Corp. was an "employer" of Plaintiff within the meaning of the FLSA and was engaged in commerce or in the production of goods for commerce.

7. Defendant Andres Florez is an individual who resides in or conducts business in Florida, is the Vice President of 72 Fire Alarm Corp., and exercised operational control over Plaintiff's employment, including the power to hire, fire, supervise, set schedules and rates of pay, and determine the method of payment. At all times material, Andres Florez was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.  At all times material, Defendants were Plaintiff's employers or joint employers under the FLSA under the economic-realities test. VIP Systems Miami, Inc. d/b/a VIP Systems hired 72 Fire Alarm Corp. and controlled Plaintiff's day-to-day duties at the jobsite.

GENERAL ALLEGATIONS

9.  From approximately May 23, 2026, through June 26, 2026, Plaintiff was employed by Defendants as a low-voltage electrical worker performing CCTV cable runs and related work at the job site known as The Ritz-Carlton Residences, Naples, Florida.

10. Plaintiff's rate of pay was $16.00 per hour. Plaintiff was paid (when paid) on a straight-time basis only for all hours worked, including overtime hours, via Zelle transfers from Andres Florez. Plaintiff never received paystubs. One partial payment of $250.00 was made via Zelle.

11. Defendants did not maintain accurate time records and did not require Plaintiff to clock in or out. Plaintiff's actual hours are reflected in contemporaneous schedules prepared in connection with the work.

12. Based on the available schedules, Plaintiff worked approximately the following hours:

-   Week of May 24–30, 2026: approximately 60.22 hours

-   Week of May 31–June 6, 2026: approximately 53 hours

-   Week of June 7–13, 2026: approximately 54 hours

-   Week of June 14–20, 2026: approximately 45 hours

-   Week of June 21–27, 2026: 49.5 hours

Approximate total hours worked: 261.72 hours over the employment period.

13. Of the total hours worked, approximately 200 hours were regular hours (40 hours × 5 weeks) and approximately 61.72 hours were overtime hours.

14. Defendants failed to pay Plaintiff the required overtime premium of one and one-half times his regular rate for all hours worked over 40 in a workweek. The unpaid overtime premium (half-time of $8.00 per hour) is approximately $493.76 ($8.00 × 61.72 hours).

15. Plaintiff was not paid for approximately four weeks of work. Using an average of approximately 52.3 hours per week × 4 weeks = approximately 209.2 hours of unpaid straight-time wages at $16.00 per hour equals approximately $3,347.20. After subtracting the $250.00 partial payment received, the net unpaid straight-time wages are approximately $3,097.20.

16. The approximate total of unpaid wages and overtime premiums owed is $3,590.96 ($3,097.20 net unpaid straight-time + $493.76 overtime premiums).

17. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount equal to the unpaid wages and overtime premiums. Liquidated damages are therefore approximately $3,590.96.

18. The combined approximate amount of unpaid wages/overtime premiums plus liquidated damages is $7,181.92. These figures are estimates based on available records and are subject to further calculation and proof at trial.

19. Plaintiff complained about unpaid wages on multiple occasions: a. During the first week of work, Plaintiff complained about unpaid wages and was informed that he would be paid the following week. b. The following week, Plaintiff was not paid and complained again. c. Defendants thereafter made a partial payment of $250.00. d. On or about June 26, 2026, Plaintiff complained that he was owed approximately four weeks of unpaid wages and unpaid overtime. In direct response to that protected complaint, Defendants terminated Plaintiff's employment the same day.

20. Defendants' actions were willful. Defendants knew or showed reckless disregard for whether their conduct violated the FLSA.

21. Plaintiff has retained the undersigned counsel and is obligated to pay a reasonable attorney's fee.

### <u>COUNT I</u>
**Unpaid Overtime Compensation and Unpaid Wages – FLSA**
(Against All Defendants)

22. Plaintiff realleges and incorporates paragraphs 1 through 21.

23. At all times material, Plaintiff was a non-exempt employee entitled to overtime compensation under the FLSA.

24. Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207.

25. Defendants also failed to pay Plaintiff for all hours worked in certain workweeks (approximately four weeks of unpaid wages).

26. As a result, Plaintiff has been damaged in the approximate amount of $3,590.96 in unpaid wages and overtime compensation, plus liquidated damages in an equal amount of approximately $3,590.96, for a combined total of approximately $7,181.92, together with interest, costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b). The exact amounts owed will be determined based on the evidence and are subject to proof at trial.

27. Defendants' violations were willful, entitling Plaintiff to a three-year statute of limitations.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for:

- Unpaid wages and overtime compensation in the approximate amount of $3,590.96;

- Liquidated damages in an equal amount of approximately $3,590.96;

- Pre- and post-judgment interest;

- Reasonable attorney's fees and costs; and

- Such other relief as the Court deems just and proper.

### COUNT II
**Retaliation – FLSA**
(Against All Defendants)

28. Plaintiff realleges and incorporates paragraphs 1 through 21.

29. Plaintiff engaged in protected activity under the FLSA by repeatedly complaining about unpaid wages and unpaid overtime compensation, including during the first week of employment, the following week, and on or about June 26, 2026.

30. Defendants terminated Plaintiff's employment because of that protected activity, in violation of 29 U.S.C. § 215(a)(3).

31. As a direct and proximate result, Plaintiff has suffered lost wages and other damages.

32. Plaintiff is entitled to reinstatement (or front pay in lieu thereof), back pay, liquidated damages, compensatory damages, punitive damages where available, interest, costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for all available relief under 29 U.S.C. § 216(b), including back pay, liquidated damages, compensatory damages, attorney's fees and costs, and such other relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Alexis Mena-Glasgow
Alexis Mena-Glasgow, Esq.
Florida Bar No. 117839
Simpson & Mena P.A.
2250 SW 3rd Ave

Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
Email: alexis@simpsonmenalaw.com
Attorney for Plaintiff